## BARNES et al. v. DE FRANCE.

MARRIED WOMAN — *liability on promissory note.* A promissory note given by a married woman and her husband, for property purchased by her as a sole trader, is valid in law, and the amount of such note may be recovered against the husband and wife in an action of assumpsit.

### *Error to Probate Court, Jefferson County.*

THE suit was commenced before a justice of the peace on a promissory note in ordinary form, for the sum of $250, against David Barnes and Sarah L. Barnes, his wife, the present plaintiffs in error, and thence removed to the probate court by appeal. At the trial in the latter court there was evidence to show that Sarah L. Barnes owned and operated a flouring mill at Golden City, and that in the course of such business the defendant in error sold to her a quantity of wheat, and that this note was given to secure the price thereof. Objection was made to the note upon the ground that the said Sarah being a married woman was not capable of making the same. The plaintiff had judgment.

The statute referred to in the opinion (R. S. 455) is as follows:

"Any married woman may carry on any trade or business and perform any labor or services, on her sole and separate account, and the earnings of any married woman, from her trade, business, labor, or services, shall be her sole and separate property and may be used and invested by her in her own name ; and she may sue and be sued as if sole, in regard to her trade, business, labor, services and earnings, and her property acquired by trade, business and services and the proceeds thereof may be taken on any execution against her.

Mr. GEORGE W. PURKINS, for plaintiffs in error,

Mr. ALLISON H. DE FRANCE, *pro se.*

BELFORD, J. The only error assigned goes to the admission of the note in evidence. It is claimed that Sarah

Barnes at the date of the execution of the instrument was a married woman and therefore incapable of making the same. The evidence clearly shows that she was carrying on business as a trader through her agent David Barnes, and that the consideration of the note went to the benefit of her separate estate. Under the sixth section of an act concerning "Married Women" (Rev. Stat. 455), she could make contracts affecting her business or trade to the same extent as though she were a *femme sole*. To hold otherwise would be to deprive her of the very rights which this statute was designed to confer.

We see no error in this record, and affirm the judgment.

*Affirmed.*